IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPENCER LARUE PETERSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0086 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

# **MEMORANDUM OPINION AND ORDER**

Petitioner Spencer Larue Peterson, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the sex offender registration conditions placed on his 2003 mandatory supervised release. Respondent filed a motion for summary judgment based on expiration of limitations. (Docket Entry No. 6.) The motion's certificate of service reflects that petitioner was served a copy of the motion on June 26, 2009. *Id*, p. 9. Despite expiration of a reasonable period of time well in excess of thirty days, petitioner has failed to file any opposition to the motion.

For the reasons shown below, the Court grants summary judgment and dismisses this lawsuit as barred by limitations.

## *Background*

Petitioner was convicted of two counts of aggravated sexual assault of a child and sentenced to forty years' imprisonment for each conviction on October 25, 1988. When

petitioner was subsequently released to mandatory supervision on July 3, 2003, he was required as a condition of release to register as a sex offender under state law. Petitioner's supervised release was revoked on April 6, 2007, for his failure to abstain from using or possessing cocaine. Petitioner filed an application for state habeas relief challenging the sex offender registration condition as a violation of his constitutional rights on June 6, 2008. The Texas Court of Criminal Appeals denied habeas relief on October 1, 2008.

Petitioner filed the instant federal habeas petition on January 10, 2009, arguing that the sex offender registration condition violated his constitutional rights. Respondent argues that the petition should be dismissed as barred by the one-year statute of limitations.

*Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

            recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

In the instant petition, petitioner argues that the sex offender registration condition of his 2003 supervised release violated his constitutional rights. Accordingly, the one-year federal statute of limitations commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The record before this Court clearly shows, and petitioner acknowledges, that as a condition of his release dated July 2, 2003, petitioner was required to register as a sex offender pursuant to state law. (Docket Entries No. 1; No. 6, Exhibit A.) The one-year limitation expired on or about July 2, 2004. Petitioner's state habeas application, filed on June 6, 2008, was filed nearly four years after expiration of limitations and had no tolling effect for purposes of AEDPA. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas

corpus application filed after the expiration of the limitations period). Further, neither petitioner nor the record before this Court show any grounds for statutory or equitable tolling. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Accordingly, the instant petition, filed over four years after expiration of limitations, is untimely. Respondent is entitled to summary judgment dismissing petitioner's habeas claims as barred by limitations.

### *Conclusion*

The motion for summary judgment (Docket Entry No. 6) is GRANTED and this case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on November 18, 2009.

_____
Gray H. Miller
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPENCER LARUE PETERSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0086 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

### FINAL JUDGMENT

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date, this civil action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on November 18, 2009.

_____
Gray H. Miller
United States District Judge